FILED
CLERK, U.S. DISTRICT COURT
JUL 31 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINGALE INVESTMENTS, LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ROY RUFO; ELIEROSE RUFO; DOES 1-10,<br><br>                    Defendants. | CASE NO. CV 13-5266 UA (RZ)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

      The Court will remand this unlawful detainer action to state court because it was removed improperly.

      On July 22, 2013, Elierose Rufo, one of two defendants named in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

      Simply stated, Plaintiff Martingale Investments, LLC could not have brought this action in federal court in the first place, in that neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the

action. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Defendant does not assert diversity jurisdiction. (Nor could Defendant successfully do so. Even if complete diversity of citizenship existed and if Defendant had relied upon such jurisdiction, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. On the contrary, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Also, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).)

Nor does Plaintiff's unlawful detainer action raise any federal legal question. In any event, *Defendant's* contentions based on federal law are not relevant to removability. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

Defendant asserts a third basis for removal, namely "civil rights removal" pursuant to 28 U.S.C. § 1443(1). That statute states as follows, in pertinent part:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> 
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

To support removal under this subsection, the notice must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them

by explicit [federal] statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir.2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636).

Defendant identifies neither any "explicit [federal] statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the [California] courts to ignore the federal rights." She simply asserts in vague and conclusory fashion, "Denial of due process in unlawful detainer. . . in that the rules of evidence and civil procedure are applied without equal protection." Ntc. at 2. Federal courts in California have routinely rejected recent attempts at "civil rights removals" of unlawful detainer actions. *See, e.g., Investment Mgmt. Co. LLC v. Cholakian*, No. CV 13-2408 MMM JCx, 2013 WL 2417952 (C.D. Cal May 31, 2013), at *4-*5; *Wells Fargo Bank NA v. Vann*, No. CV 13-1146 YGR, 2013 WL 1856711 (N.D. Cal. May 2, 2013), at *3-*4; *Federal Nat'l Mtg. Ass'n v. Perez*, No. CV 13-1082 MMM SHx, 2013 WL 1010535 (C.D. Cal. Mar. 14, 2013); *Canterbury Lots 68, LLC v. De La Torre*, No. CV 13-0712 MMM RZx, 2013 WL 781974 (C.D. Cal. Feb. 28, 2013). This improperly-removed action merits the same fate, namely remand.

Finally, even if removal were substantively proper, this particular removal *notice* is invalid because only one of the two named defendants signed it, with no explanation for the non-joinder by the other defendant, Roy Rufo. 28 U.S.C. § 1446(b)(2)(A); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

///
///
///
///
///

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 7/30/13

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE